UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

YAUMARY MYRICK,

Plaintiff,

vs.                                           Case No.:

ENHANCED RECOVERY COMPANY,
LLC, AND 360 COMMUNICATIONS
COMPANY, d/b/a SPRINT,

Defendants.
_____/

## COMPLAINT

1.      Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

### JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to the FDCPA, and the FCCPA.

3.      This action arises out of Defendants' violations of the FDCPA and the FCCPA by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

4.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

### PARTIES

5.      Plaintiff, YAUMARY MYRICK, is a natural person who resides in the City of Hialeah, County of Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

6. Defendant ENHANCED RECOVERY COMPANY, LLC, (hereinafter "Defendant Enhanced") is a collection agency operating from an address of 8014 Bayberry Road, Jacksonville, FL 32256, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Enhanced regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant Enhanced regularly collects or attempts to collect debts for other parties.

9. Defendant Enhanced was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

10. Defendant 360 COMMUNICATIONS COMPANY, d/b/a SPRINT, (hereinafter "Defendant Sprint") is a collection agency operating from an address of One Allied Drive, Little Rock, AR 72202, and is a "debt collector" as that term is defined by Florida Statutes § 559.55(6).

11. Defendant Sprint regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

12. Defendant Sprint regularly collects or attempts to collect debts for other parties.

13. Defendant Sprint was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

14. Plaintiff never incurred a financial obligation that was allegedly primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. Plaintiff had an account with Sprint, which she not only did not owe money on, but rather, received a refund check.

16. Defendant Sprint, subsequently attempted to collect the non-legitimate debt from Plaintiff.

17. Plaintiff repeatedly told Defendant Sprint that she did not owe them money.

18. Soon thereafter, Defendant Sprint consigned, placed or otherwise transferred the non-legitimate debt to Defendant Enhanced for collection from this Plaintiff.

19. Defendants knew or should have known that they were collecting on a debt that Plaintiff did not owe.

20. Defendants mischaracterized the character and amount of debt that was allegedly owed to Defendant.

21. Defendants improperly added fees that Plaintiff did not agree to.

22. Defendants knew or should have known that the credit information it communicated was false.

23. Defendants communicated a false amount of the debt to the credit agencies, thereby using false representations or deceptive means to attempt to collect the debt.

## SUMMARY

24. The above-described collection communications made by Defendants, and/or a collection employee employed by Defendants, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(b), 1692e(2), 1692e(5),1692e(8), 1692e(10), 1692f(1), as well as the FCCPA § 559.72(9).

TRIAL BY JURY

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

CAUSES OF ACTION
COUNT 1
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 et seq.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing act and omission of the Defendant Enhanced and its agent constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

28. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Enhanced for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT 2

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692c(b)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant Enhanced improperly communicated an amount not permitted by law, mainly, reported an incorrect amount due and owing to consumer credit agencies.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Enhanced for:

A)   Damages and

B)   Attorneys' fees and costs.

## COUNT 3

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendant Enhanced falsely represented the character and amount of debt that was allegedly owed to Defendant.

33. Defendant Enhanced attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

## COUNT 4

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8) and 1692e(10)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant Enhanced improperly communicated an amount not permitted by law, mainly, reported an incorrect amount due and owing to consumer credit agencies.

36. Defendant's improper discourses to the credit agencies were attempts to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Enhanced for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT 6

### VIOLATION OF 559.72(9) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendants Enhanced and Sprint attempted to enforce a debt that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants Enhanced and Sprint for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT 7

## VIOLATION OF FCCPA §559.75

39. This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. <u>However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment.</u> The assignee is a real party in interest and may bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants for:

A) Damages and

B) Attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated: October 13, 2011                     Respectfully submitted,

/s Andrew I. Glenn_____
Andrew I. Glenn
E-mail: AGlenn@cardandglenn.com
Florida Bar No.: 577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No. 0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (954) 921-9553
Attorneys for Plaintiff